William F. Caton, Commissioner Office of the Consumer Credit Commissioner Jayhawk Tower 700 S.W. Jackson, Suite 1001 Topeka, Kansas 66603
Dear Commissioner Caton:
You request our opinion concerning whether first and second real estate mortgages are subject to the interest rate prescribed in K.S.A. 16-207 or the Uniform Consumer Credit Code (Code) interest rates stated in K.S.A.16a-2-401. K.S.A. 16-207(b) establishes a maximum interest rate ceiling for all real estate mortgages. The rate is tied to the Federal Home Loan Mortgage rate (Freddie Mac) which varies monthly. [The Freddie Mac interest rate does not apply to real estate mortgages where the note permits adjustment of the rate. K.S.A.16-207(h).] The Code establishes a maximum interest rate for "consumer loans" which may be higher than the Freddie Mac rate. K.S.A. 16a-2-401. However, the definition of consumer loan excludes first real estate mortgages and second and subordinate mortgages that are held by the first mortgagee unless the loan is made subject to the Code by agreement. K.S.A. 1996 Supp.16a-1-301(13)(b); K.S.A. 16a-1-109.
Second and subordinate mortgage loans that are not held by the first mortgagee are subject to the Code [K.S.A. 1996 Supp. 16a-1-301(13); 1996 Kansas Comment to K.S.A. 1996 Supp. 16a-1-301(13)], although the Code interest rates do not apply to real estate mortgages that are governed by K.S.A. 16-207. K.S.A. 16a-2-401(7) and (8) provide, in part, as follows:
 "(7) This section (K.S.A. 16a-2-401) shall not apply to a loan secured by an interest in land . . . the interest rate of which is governed by subsection (b) of K.S.A. 16-207 . . . unless made subject hereto by agreement.
 "(8) [T]his section shall not apply to a loan secured by an interest in land subordinate to a prior mortgage and held by a lender other than the lender of the first mortgage, the interest rate of which is governed by subsection (b) or (h) of K.S.A. 16-207, . . . unless made subject hereto by agreement." (Emphasis added).
In order to understand how the different interest rates operate on real estate mortgages it is helpful to understand the circumstances which prompted the Kansas Legislature to amend K.S.A. 16-207 and add subsection (7) to K.S.A. 16a-2-401.
In 1980, the Kansas Legislature enacted a comprehensive package of interest rate legislation in order to address the consequence of massive inflation which pushed the prime lending rate to 20% in the state of Kansas at a time when the interest rate ceiling for first mortgages was 11%. Clark, Interest Rates in Kansas, 49 J.B.A.K. 81, 84, 87 (1980).
K.S.A. 16-207 was amended to create a floating rate ceiling for all real estate mortgages which was tied to the Federal Home Loan Mortgage Corporation (Freddie Mac) interest rate. Moreover, first mortgages and subordinate mortgages held by first mortgagees were exempted from the Uniform Consumer Credit Code and its interest rates unless the mortgagor and mortgagee agreed that the loan would be covered under the Code, which would give the mortgagee the benefit of the possibly higher Code interest rates but would also provide the mortgagor the protections offered by the Code. Clark, supra at 90.
1980 House Bill No. 3220 amended K.S.A. 16-207 to create a floating interest rate ceiling for all real estate mortgages. In the same bill, the Code was amended to exclude first mortgage real estate loans and subordinate mortgage loans held by the first mortgagee.
The bill brief prepared by the Legislative Research Department indicates that section 7 of House Bill No. 3220 [which is now subsection (7) of K.S.A. 16a-2-401] "would amend K.S.A. 16a-2-401 to make it clear that the interest rate applicable to a loan secured by an interest in land is the floating usery rate created by 1980 Senate Bill No. 731 [now K.S.A. 16-207(b)] unless the parties agree to make the loan subject to the UCCC." In short, if a first mortgage lender desired the higher Code rate at a time when the Freddie Mac rate had dropped, it had the power to contract into the Code pursuant to K.S.A. 16a-1-109. Clark, supra at 90; Heinemann, Legislation 1980, 49 J.B.A.K. 99, 121 (1980); Note, New Kansas Usery Laws and Interest Rates Regulation, 20 W.L.J. 572, 591 (1981).
In 1982, the Kansas Association of Finance Companies argued successfully to the Kansas Legislature that finance companies who are not first mortgagees should not be treated differently when charging interest rates on subordinate mortgages. In response, the Legislature added subsection (8) of K.S.A. 16a-2-401 which gave such lenders the opportunity to avail themselves of the higher Code rates if the parties agreed to use the Code rates. Subsection (6) of the 1996 Kansas Comment to K.S.A. 16a-2-401, written by Barkley Clark, states, in part:
 "Subsections (7) and (8) relate to real estate loans. Note that first mortgage loans are exempt from the entire UCCC as are second and other subordinate mortgage loans made by the lender that holds the first mortgage. . . . As a result, subsections (7) and (8) will primarily affect home improvement lenders and others that take second mortgages without also having made the first mortgage loan. These subsections make clear that the interest rate ceiling of K.S.A. 16-207, and not the rate ceilings of the UCCC, apply in such cases." (Emphasis added.)
With this information in mind, we address your queries:
1. Does the fact that second mortgage loans made by a lender other than the first mortgagee are automatically subject to the Code permit the lender to charge rates allowed in K.S.A. 16a-2-401?
Based upon the legislative history described in the foregoing and the 1996 Kansas Comment to K.S.A. 16a-2-401, it is our opinion that the interest rate applicable to second and subordinate mortgage loans made by a lender who is not the first mortgagee is governed by K.S.A. 16-207
unless the parties provide in the loan agreement that the Code rates apply.
2. If a creditor states in a loan agreement "this loan is subject to the Kansas Uniform Consumer Credit Code and the rates allowed therein," is that statement sufficient to allow them to charge rates allowed by the Code?
K.S.A. 16a-1-109 provides, as follows:
 "The parties to a sale, lease, or loan or modification thereof, which is not a consumer credit transaction may agree in a writing signed by the parties that the transaction is subject to the provisions of K.S.A. 16a-1-101 through 16a-9-102 applying to consumer credit transactions. If the parties so agree the transaction is a consumer credit transaction for the purposes of K.S.A. 16a-1-101 through 16a-9-102."
The 1996 Kansas Comment to K.S.A. 16a-1-109 states that the better practice is to make a specific reference in the agreement to the Code rate ceilings.
 "By making a specific reference to the UCCC rate ceilings, the creditor may avoid a dispute with the consumer (and with the administrator) as to whether the higher rates allowed by the UCCC have been agreed to by the parties."
Of course, the Code applies to second mortgage loans that meet the definition of a consumer loan but if the lender wants to avail itself of the higher Code interest rates, it is our opinion that the agreement should clearly state that interest rates provided by the Code shall apply so that the borrowers are apprised which mortgage interest rate applies to their transaction. Otherwise, the interest rate provided in K.S.A. 16-207
will apply.
The 1996 Kansas Comment to K.S.A. 16a-1-109 indicates that creditors often contract into the Code in order to charge the higher interest rates but that doing so will make the creditor subject to all of the restrictions of the Code. Therefore, for first mortgage lenders who are not subject to the Code but who want to avail themselves of the higher Code interest rates, the loan agreement should state that the loan transaction is subject to the provisions of the Uniform Consumer Credit Code and the Uniform Consumer Credit Code interest rates.
3. Is the creditor required to specifically state in the loan agreement that rates charged under this loan agreement are subject to K.S.A. 16a-2-401?
As indicated previously, the agreement should clearly state that the Uniform Consumer Credit Code interest rates will apply so as to apprise the borrower of the rate of interest that will apply to the loan transaction. Citing specifically to K.S.A. 16a-2-401
is recommended but is not required provided the loan agreement is clear that the Uniform Consumer Credit Code rates are applicable.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm